[Civ. No. 13952.   Second Dist., Div. One.   Feb. 19, 1943.]

ADA H. FITZ-PATRICK et al., Respondents, v. JOHN R. OSBORNE et al., Defendants; DALE C. BOICE, Appellant.

Benjamin Lewis for Appellant.

Howard & Littlefield and George A. Judson for Respondents.

DORAN, J.—This is an action by a judgment creditor to set aside the transfer of property alleged to have been transferred to defraud creditors. The parties to the within action were involved in a former action for the recovery of money wherein the parties occupied the same relative position. It is alleged, in effect, in the within action that the property involved herein was transferred by defendants during the trial of the former action in anticipation of an adverse judgment. In the within action the trial court found for plaintiff on all issues and in the judgment which followed, defendants were adjudged to be the owners of the property in question, which consisted of about twenty-two items of real property and one automobile. The judgment further subjected said property to the lien of the former judgment. Defendant Boice appeals from the judgment, but only as to the automobile and one item of real property. Appellant concedes the validity of the judgment insofar as it sets aside the transfer of the other parcels of real property on the grounds that such transfers were made as gifts to appellant Dale C. Boice by his codefendants John R. Osborne, Laura C. Osborne and Edith May Boice, or either of them.

The sole question presented by the appeal is whether the evidence sustains the findings and judgment.

The record reveals that as a matter of law the evidence either directly or inferentially supports the findings that Dale C. Boice is the husband of Edith May Boice, his codefendant, and that Dale C. Boice is the stepfather of his

codefendant John R. Osborne, the husband of the other codefendant, Laura C. Osborne; that the property in question was transferred to appellant Dale C. Boice by certain of his codefendants for the purpose of defrauding plaintiffs and preventing the collection of the judgment debt; that certain property purchased by defendant Osborne was placed in the name of defendant and appellant Dale C. Boice for the same purposes and that all of said transactions as between defendant Dale C. Boice and his codefendants were without consideration. The court also found in substance and effect that the aforesaid conduct of defendants was the product of a general scheme to defraud plaintiffs. The judgment that followed decreed defendants to be the owners of the property in question; that said property was subject to the lien of the former judgment theretofore procured by plaintiffs and against defendants.

It is appellant's contention that the evidence fails to support the findings with regard to one parcel of real property and the automobile. Appellant's position in this regard is based on the contention that "the only evidence in the record is that the appellant with his own money bought this parcel of real property" from an estate. With regard to the automobile it is contended in like manner that it was bought by appellant Dale C. Boice from his codefendant Laura C. Osborne. In connection with both of these transactions, appellant Boice testified that he paid the consideration in cash, viz.: $1,325 for the automobile, and for the real property, $5,500. It should be noted that the evidence reveals that the real property in question was a residence formerly owned and occupied by appellant Dale C. Boice's codefendants, John R. Osborne and Laura C. Osborne, and that they visited appellant and suggested to him that he purchase the property. After the purchase thereof by appellant the Osbornes rented it from him and lived there. The evidence reveals that appellant bought the automobile in question from his codefendant Laura C. Osborne; also that said Laura C. Osborne then repurchased the car from him on a conditional sales contract providing for monthly payments to him by her in consideration therefor. The evidence also reveals that appellant had no bank account and carried the above mentioned funds at the time of these transactions, on his person.

Although appellant submits the record in support of the

contentions relied on, nevertheless it is entirely possible that the trial court had some misgivings as to the truth of the testimony of appellant and his codefendants, of which the above is a brief summary.

It is too well known to require the citation of authority in support of the rule that the trial judge is not bound to believe the testimony of any witness. The testimony of the defendant and appellant Dale C. Boice was not conclusive. Nor does it follow that, because no other witness testified to the contrary, Boice's testimony remained unrefuted. A witness may be impeached by contradictory evidence. (Sec. 2051, Code Civ. Proc.) As in the case of a jury, the trial judge is not bound to decide in conformity with the declarations of any number of witnesses which do not produce conviction, against a presumption or other evidence otherwise satisfying. (Sec. 2061, Code Civ. Proc.) The relationship of the parties together with the other circumstances surrounding and incident to the transactions constituted evidence that of itself warranted inferences in direct conflict with the testimony of appellant. That the court properly could take such evidence into account, there can be no question. With regard to appellant's testimony it is described by respondent as follows: "It is clear that his story of the various transactions in question taxes human credulity. His testimony was inherently improbable to say the least."

As a matter of law, the evidence was sufficient to support the findings and the judgment; and the judgment is therefore affirmed.

York, P. J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 19, 1943.